GEORGE WALKER, RESPONDENT, v. JAMES M. CHILSON, APPELLANT.

*Practice — a notice of trial, not served in time, is not an irregularity but a nullity — it need not be returned.*

In an action brought by George Walker against James M. Chilson, the attorney for Walker served by mail, only fourteen days before the opening of the circuit, a notice of trial, which was received by Chilson's attorney, and was not returned by him, nor did Chilson's attorney notice the case for trial.

Another attorney, who, so far as appeared, did not know that the plaintiff's notice of trial was defective, applied to the trial court on behalf of the defendant to postpone the trial of the cause. Upon this motion the plaintiff's attorney presented an affidavit of the service of the notice of trial, which did not disclose the fact that the notice was served too late. The court denied the motion to postpone, and subsequently, in the absence of the defendant and his counsel, an inquest was taken.

A motion was subsequently made by the defendant to set aside the judgment, which was denied.

*Held,* that such denial was improper.

That the court had allowed the inquest under a misapprehension as to the facts, it not being informed that the notice of trial was served too late.

That if the plaintiff's attorney had in good faith relied upon the failure of the defendant's attorney to return the notice, he should have stated the fact in his affidavit, and have thus called the attention of the court to the point at the time of the application to postpone.

That the retention of the notice could not have misled the plaintiff's attorney who knew the facts.

That a return of the notice would not have remedied the difficulty since the notice itself was a nullity.

That the case was not one relating to the waiver of an irregularity, but was one of a failure to comply with a statutory requirement.

APPEAL by the defendant James M. Chilson from an order of the Supreme Court, entered in the office of the clerk of the county of Steuben on the 30th day of September, 1891, denying a motion to set aside a judgment taken against the defendant by default, which motion was made upon the ground of irregularity in the service of the plaintiff's notice of trial.

*Milo M Acker*, for the appellant.

*A M. Burrell*, for the respondent.

LEWIS, J.:

The action was ejectment  The notice of trial upon which the plaintiff claimed the right to move the case was served on the defendant's attorney by mail, only fourteen days before the sitting of the court.

The notice was received by the defendant's attorney, and was not returned to the plaintiff's attorney.  The case was not noticed for trial by defendant, his attorney being engaged at home on official business, on the first day of the court he requested, by a telegram, another attorney to make application to the court to put the case over the term, or to set it down for trial for the second week of the court.  The counsel making the motion stating as the ground for the motion the engagement at home of defendant's counsel. It does not appear from the record that he knew of the defect in the notice of trial.  The application was denied and the case was tried as an inquest, when reached, in the absence of the defendant and his counsel.

The plaintiff's counsel presented, when moving the case, the notice of trial with his affidavit indorsed therein, which stated that he served a copy of the within notice of trial on James H. Clancy, defendant's attorney, by depositing the same in the post-office at Canisteo, deponent's post-office address, duly and properly enveloped in a post-paid wrapper, and duly and properly directed to said Clancy at Hornellsville, Steuben county, N. Y., his post-office address.

The affidavit omitted to disclose to the court the information that the notice was not served in time, so as to entitle him to move the case for trial.

The order entered in the clerk's minutes recites that the proof of service of notice of trial having been made and filed, an inquest was taken.

Obviously the inquest was allowed under a misapprehension on the part of the court.  Had the affidavit fully stated the facts as to the service of the notice, the inquest would not have been allowed.

If plaintiff's counsel relied upon the failure of defendant's counsel to return the notice, he should have called the court's attention in his affidavit to the fact so that it could have been given its due weight in determining whether the inquest should have been permitted.

The Code provides that a notice of trial, if served by mail, must be mailed sixteen days before the day of trial, including the day of service. Either party who has secured the notice may bring the issue to trial. (Sec. 980, Code Civ. Pro.)

The retention of the notice cannot be claimed to have misled plaintiff's attorney. He was aware when he asked to be permitted to take the inquest of the defect in the notice. The reason for the rule requiring the return of defective or irregular papers that are served is that the attention may at once be called to the error so that it may be corrected. Had the notice been returned nothing could have been done to remedy the difficulty. This was not the case of an irregular notice. The notice was a nullity; it was a void paper. The plaintiff could not, by serving such a paper, impose upon the defendant even the very slight labor and expense of returning it. Had the plaintiff's attorney taken any proceedings in the case relying in good faith upon the failure of the defendant to return the notice, he should have so stated in his affidavit opposing the motion.

It was held in *White* v. *Boice* (1 N. Y. St. Rep., 570), by the General Term, second department, that the retention of a notice of argument served on the tenth for the fourteenth of the same month was not a waiver of a regular notice.

*Small* v. *Edrick* (5 Wend., 137), is to same effect, though the case as reported fails to state whether the notice was retained. The case to which our attention is called in the respondent's brief holds that the irregularities in papers served may be waived by retention of the papers served; they do not go to the extent of holding that a failure to comply with a statutory requirement in the service of a notice is waived by retaining the papers.

The defendant made a case entitling him to the order asked. The order appealed from should be reversed, with ten dollars costs and disbursements of the appeal, and the motion to set aside the judgment should be granted, with ten dollars costs.