OLIVER M. WARNER, Respondent, v. FRANCIS G. BABCOCK,
Appellant.

*Costs — a trial is begun when a referee grants an amendment to a pleading — offer of
judgment — if made too late, it need not be returned — Code of Civil Procedure,
§§ 738, 1018.*

A referee has no power to grant an amendment to a pleading until the case is
moved before him, and where the parties come before him and he grants such
an amendment the trial of the action must be deemed to have been begun.

When, therefore, a defendant makes an offer of judgment at a time within ten
days before the amendment was granted, the offer is made too late to affect
costs.

Where an offer of judgment is made too late it is a nullity, and the counsel for
the plaintiff is not bound to return it.

APPEAL by the defendant, Francis G. Babcock, from an order of
the Supreme Court, made at the Steuben Special Term and entered
in the office of the clerk of the county of Steuben on the 1st day
of April, 1896, denying his motion for a retaxation of the plaintiff's
costs so as to disallow certain items thereof objected to by him, and
also for an order directing the clerk of the county of Steuben to tax
certain costs which the defendant claimed to have become entitled
to subsequent to the making of an offer of judgment in the action.

*C. A. Dolson*, for the appellant.

*De Merville Page*, for the respondent.

Order affirmed, with ten dollars costs and disbursements on the
opinion of WERNER, J., delivered at Special Term.

All concurred except WARD, J., dissenting.

The following is the opinion of WERNER, J.:

WERNER, J.:

Defendant's right to a retaxation of plaintiff's costs and to an
allowance of costs on his own behalf depends upon the question
whether the trial of this action was actually commenced before the
referee on the 1st day of February, 1894. If it was not actually
commenced at that time then defendant's offer of judgment, made

on the 14th day of February, 1894, was perfectly good, and he is entitled to have his motion granted. If, on the other hand, the trial was commenced on said date, then defendant's offer was a nullity, and the plaintiff's counsel had a right to treat it as such and to tax a full bill of costs. There is really no substantial dispute as to what took place before the referee. It appears that the referee designated February 1, 1894, as the time for the hearing of the reference; that on that day the attorneys for both of the parties attended before the referee; that a question arose as to the sufficiency of defendant's pleading; he desired an amendment, but was in doubt whether the referee had power to grant the same, or whether it would be necessary to make a motion before the court at Special Term. The referee resolved this doubt in defendant's favor by asserting the right to grant the amendment, and this position was acquiesced in by the counsel for the plaintiff. The amendment was, therefore, made, and an adjournment of the cause was taken upon defendant's motion to the 27th day of February, 1894. The plaintiff recovered judgment for a less sum than that stated in defendant's offer of judgment, and, if his offer is held good, plaintiff was not entitled to the costs which accrued after the offer was made, and defendant is entitled to tax costs from that time. As stated before, the question whether the offer is good depends upon the question whether the trial was commenced before the referee on said first day of February.

I am inclined to think that the trial was commenced. The referee had no power to grant an amendment until the case was moved before him. Section 1018 of the Code of Civil Procedure gives a referee the right to exercise, upon a trial before him, the same power as the court "to allow amendments to the summons or to the pleadings." The right of a referee to grant a motion to amend pleadings in a case pending before him is derived from this statute. He has no power to consider or determine such a motion until the action is before him. By the very language of this statute his powers with reference to amendments are limited to proceedings "upon the trial of an issue of fact."

The trial having been commenced, the offer which was made did not conform to the practice prescribed in section 738 of the Code of Civil Procedure, which has been construed to mean that the offer must be

made at least ten days before the time of trial. (*Herman* v. *Lyons*, 10 Hun, 111.) The offer made and served by the defendant being a nullity, the plaintiff's counsel had a right to disregard it. (*Sares* v. *Matthews*, 39 N. Y. St. Repr. 921.) The plaintiff's counsel was not bound to return it. (*Walker* v. *Chilson*, 65 Hun, 529.)

Defendant's motion for a retaxation of plaintiff's costs, and a taxation of his own costs must, therefore, be denied, with ten dollars costs of this motion.